IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)

| | |
|---|---|
| GARY SHELTON, FRANKLIN D. BELZ, TERRY L. BOLEY, PAUL R. NEWTON, TOMMY R. JOHNSON, UTAH ROGERS, and RANDY HARDIN<br>　　　　*Plaintiffs*,<br><br>vs.<br><br>BNSF RAILWAY COMPANY RAILROAD CO.,<br>　　　　*Defendant*. | §§§§§§§§§§§ CIVIL ACTION No.<br>JURY DEMAND |

## COMPLAINT

COMES NOW, Plaintiffs, GARY SHELTON, FRANKLIN D. BELZ, TERRY L. BOLEY, PAUL R. NEWTON, TOMMY R. JOHNSON, UTAH ROGERS, and RANDY HARDIN, complaining of Defendant, BNSF RAILWAY COMPANY RAILROAD COMPANY, A Corporation, Individually and as Successor-in-Interest to the: Burlington Northern Santa Fe Railway, Burlington-Rock Island Railroad; Chicago, Burlington & Quincy Railroad; Colorado & Southern Railroad; Fort Worth & Denver City Railroad; Burlington Northern Railroad; Northern Pacific Railway; Great Northern Railway; Spokane, Portland & Seattle Railway; St. Louis-San Francisco Railway Company; and the Atchison, Topeka and Santa Fe Railway, and in support hereof respectfully show the Court as follows:

I.

PARTIES

1. Plaintiff, GARY SHELTON, is an individual residing in the Northern District of Texas.

2. Plaintiff, FRANKLIN D. BELZ, is an individual residing in the Northern District of Texas.

3. Plaintiff, PAUL R. NEWTON, is an individual residing in the Northern District of Texas.

4. Plaintiff, TOMMY R. JOHNSON, is an individual residing in the Northern District of Texas.

5. Plaintiff, UTAH ROGERS, is an individual residing in the Northern District of Texas.

6. Plaintiff, RANDY HARDIN, is an individual residing in the Northern District of Texas.

7. Plaintiff, TERRY L. BOLEY, is an individual residing in the Northern District of Texas.

8. Defendant Railroad, BNSF RAILWAY COMPANY RAILROAD COMPANY, Individually and as Successor-in-Interest to the A Corporation, Individually and as Successor-in-Interest to the A Corporation, Individually and as Successor-in-Interest to the: Burlington Northern Santa Fe Railway, Burlington-Rock Island Railroad; Chicago, Burlington & Quincy Railroad; Colorado & Southern Railroad; Fort Worth & Denver City Railroad; Burlington Northern Railroad; Northern Pacific Railway; Great Northern Railway; Spokane, Portland & Seattle Railway; St. Louis-San Francisco Railway Company; and the Atchison, Topeka and Santa Fe Railway, (hereinafter referred to as **"BNSF RAILWAY COMPANY"**), and/or its predecessors-in-interest, were at all relevant times common carriers by railroad, engaged in interstate commerce, in and throughout the United States.  BNSF RAILWAY COMPANY can be served with process by serving: **CT Corporation, 350 N. St. Paul Street, Dallas, Texas  75201.**

## II.

## JURISDICTION & VENUE

9. At all relevant times, BNSF RAILWAY COMPANY was engaged in interstate commerce as a common carrier by rail conducting business in the Northern District of Texas, Dallas Division, and all or part of Plaintiff's duties have been in furtherance of and have closely, directly and substantially affected interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., § 51 *et seq.*, which grants this Court jurisdiction over this action.

10. Venue is proper in U.S. District Court for the Northern District of Texas because it is the district: (i) in which the cause of action arose; (ii) and/or in which BNSF RAILWAY COMPANY was conducting business at the time this action was commenced. 45 U.S.C. § 56.; (iii) and BNSF Railway Company is headquartered in the Northern District of Texas.

### III.

### FACTS

11. Under the Federal Employers' Liability Act (the "FELA"), BNSF RAILWAY COMPANY is liable for damages to any employee suffering injury or death as a result of his or her employment with such carrier, where such injury or death results <u>in whole or in part</u> from the negligence of any of the officers, agents, or employees of BNSF RAILWAY COMPANY, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment.

12. The FELA places a continuing non-delegable duty on BNSF RAILWAY COMPANY to furnish its employees, including the Plaintiffs, with a safe place to work.

13. By 1935 the Association of American Railroads, of which BNSF RAILWAY COMPANY was a member, observed that "Pneumoconiosis is a condition that may be caused by any kind of dust entering the lungs; but we as railroad surgeons are undoubtedly more interested in silicosis and asbestosis than other types." Moreover, at that time, the Association of American Railroads recommended that, in order to prevent injuries or illness associated with exposure the these dusts, the railroads should: (i) educate all concerned; (ii) get rid of dust; (iii) sprinkle the working area with water; (iv) have employees wear inhalers; and (v) have frequent analysis made of the dust content of the air at different times during the working hours.

14. Despite knowledge regarding the health hazards associated with occupational exposure to asbestos and/or asbestos-containing dusts, BNSF RAILWAY COMPANY continued to use asbestos and/or asbestos-containing products for decades thereafter.

15. Plaintiff, GARY SHELTON, was employed by BNSF RAILWAY COMPANY from approximately 1969 until approximately 2010, in various capacities including as a Trainman in the Northern District of Texas.

16. Plaintiff, FRANKLIN D. BELZ, was employed by BNSF RAILWAY COMPANY from approximately 1950 until approximately 1995, in various capacities including as a Trainman in the Northern District of Texas

17. Plaintiff, TOMMY R. JOHNSON, was employed by BNSF RAILWAY COMPANY from approximately 1969 until approximately 2008, in various capacities including as a Trainman in the Northern District of Texas.

18. Plaintiff, UTAH ROGERS, was employed by BNSF RAILWAY COMPANY from approximately 1959 until approximately 1993, in various capacities including as a Trainman in the Northern District of Texas.

19. Plaintiff, RANDY L. HARDIN, was employed by BNSF RAILWAY COMPANY from approximately 1977 until approximately 2011, in various capacities including as a Trainman and Laborer in the Northern District of Texas.

20. Plaintiff, PAUL R. NEWTON, was employed by BNSF RAILWAY COMPANY from approximately 1970 until approximately 2012, in various capacities including as a Trainman in the Northern District of Texas.

21. Plaintiff, TERRY L. BOLEY, was employed by BNSF RAILWAY COMPANY from approximately 1969 until approximately 2011, in various capacities including as a Trainman in the Northern District of Texas.

22. Throughout the periods of their employment by BNSF RAILWAY COMPANY, Plaintiffs were exposed to harmful and/or hazardous dusts to wit: asbestos and/or silica-containing dusts. As a result of their occupational exposure to these harmful and/or hazardous dusts, Plaintiffs have suffered injuries to their lungs.

## IV.

### DISCOVERY RULE

23. At all times relevant, Plaintiffs were unaware of the dangerous propensities of the asbestos and/or asbestos-containing materials to which they were exposed while employed by BNSF RAILWAY COMPANY.  Plaintiffs did not learn that they had been

injured, or that such injuries were related to their occupational exposure to asbestos and/or asbestos-containing materials until less than three years prior to filing this suit.

## V.

## CAUSES OF ACTION

**Count I:    Negligence under the F.E.L.A.**

24. Plaintiffs' injuries and damages resulted, in whole or in part, from the negligence BNSF RAILWAY COMPANY's officers, agents or employees, or by reason of a defect or insufficiency, due to BNSF RAILWAY COMPANY's negligence, in its cars, engines, appliances, machinery, track, roadbed, works, or other equipment, in violation of the Federal Employers' Liability Act, 45 U.S.C., 51 *et seq,* including but not limited to the following:

   a. BNSF RAILWAY COMPANY continued to purchase, install, and/or use asbestos and/or silica-containing materials for decades after BNSF RAILWAY COMPANY became aware of the harmful and/or hazardous nature of these materials;

   b. BNSF RAILWAY COMPANY failed to inspect its cars, engines, appliances, machinery, track, roadbed, works or other equipment for the presence of asbestos and/or silica-containing materials, even after learning of the harmful and/or hazardous nature of these materials;

   c. BNSF RAILWAY COMPANY failed to remove and/or abate its cars, engines, appliances, machinery, track, roadbed, works or other equipment of asbestos and/or silica-containing materials, even after learning of the harmful and/or hazardous nature of these materials;

   d. BNSF RAILWAY COMPANY failed to warn Plaintiffs regarding the presence of asbestos and/or silica-containing materials and/or of the potential health effects associated with exposure to such products;

   e. BNSF RAILWAY COMPANY failed to warn Plaintiffs regarding the synergistic effect between smoking and asbestos exposure

  f.  BNSF RAILWAY COMPANY failed to properly train Plaintiffs regarding work with or around asbestos and/or silica-containing materials;

  g.  BNSF RAILWAY COMPANY failed to provide Plaintiffs with proper respirators for use around asbestos-containing materials;

  h.  BNSF RAILWAY COMPANY failed to conduct air monitoring to determine the levels of asbestos and/or silica to which Plaintiffs were exposed;

  i.  BNSF RAILWAY COMPANY failed to provide Plaintiffs with comprehensive asbestos and/or silica medical examinations;

  j.  BNSF RAILWAY COMPANY failed to medically monitor Plaintiffs for asbestos and/or silica-related conditions;

  k.  BNSF RAILWAY COMPANY violated and/or disregarded its own policies and/or procedures regarding asbestos and/or silica-containing materials;

  l.  Any other act and/or omission by BNSF RAILWAY COMPANY that a jury may find at the time of trial to constitute negligence.

**Count II:  Violation of Locomotive Boiler Inspection Act**

25. While employed by BNSF RAILWAY COMPANY, Plaintiffs worked on, in and/or about locomotives and/or tenders while these locomotives and/or tenders were in use and online. These locomotives and/or tenders were laden and/or contaminated with asbestos and/or silica-containing materials which made the locomotives and/or tenders unsafe to operate without unnecessary danger of personal injury.

26. Accordingly, BNSF RAILWAY COMPANY by and through its agents, servants and employees, violated the Federal Safety Authorization Act, 49 U.S.C. § 20701, formerly known as and referred to herein as the Locomotive Boiler Inspection Act,

45 U.S.C. §§ 22-34, by failing to provide Plaintiff with locomotives and/or tenders and its parts and appurtenances which were in a proper and safe condition.

## VI.

## DAMAGES

27. Plaintiffs seek all elements of damages, both in the past and in the future, permitted under the law from BNSF RAILWAY COMPANY including, but not limited to:

   a) costs for medical care and treatment, in the past and in the future;

   b) mental anguish, in the past and in the future;

   c) physical pain and suffering, in the past and in the future;

   d) fear of cancer, in the past and in the future;

   e) physical impairment, in the past and in the future;

   f) all other damages in an amount that Plaintiffs would show that they are entitled to at the time of trial;

   g) Plaintiffs also assert claims for costs of court and post-judgment interest to the extent allowed by law.

## VII.

## JURY TRIAL

Plaintiffs hereby assert their right to a trial by jury and herewith tender the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, GARY SHELTON, FRANKLIN D. BELZ, TERRY L. BOLEY, PAUL R. NEWTON, TOMMY R. JOHNSON, UTAH ROGERS, and RANDY HARDIN, demand Defendant Railroad, BNSF RAILWAY COMPANY, A Corporation, answer herein as the law directs; and that this Court enter Judgment against BNSF RAILWAY COMPANY for actual and special damages together with interest thereon at the legal rate, costs of court, and for other such additional and further relief, special and general, at law and in equity, which may be just and proper under the law.

Respectfully submitted,

**SAMMONS & BERRY, P.C.**

_____

MARK T. BERRY
Texas Bar No. 00787074
4606 Cypress Creek Pkwy.
Suite 600
Houston, Texas 77069
Tel.: (713) 425-7200
Fax: (832) 448-9170

**ATTORNEY FOR PLAINTIFFS**